**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                              No. 97-4731

BRIAN ROGERS,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CR-97-106)

Submitted: May 5, 1998

Decided: May 21, 1998

Before HAMILTON, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert P. Geary, Richmond, Virginia, for Appellant. Helen F. Fahey,
United States Attorney, Stephen W. Miller, Assistant United States
Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Brian Rogers entered a guilty plea to possession with intent to distribute crack cocaine, conditioned upon his motion to suppress on the grounds that he was improperly seized under the Fourth Amendment prior to discovery of the crack cocaine. On appeal, Rogers contends that the district court clearly erred in denying his motion to suppress. For the reasons that follow, we affirm.

A district court's finding that a Fourth Amendment seizure has or has not occurred is a question of fact only reversed if clearly erroneous. See United States v. Gray, 883 F.2d 320, 322 (4th Cir. 1989). A person has been seized within the meaning of the Fourth Amendment "only if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." California v. Hodari D., 499 U.S. 621, 628 (1991) (citation omitted). "[E]ven when officers have no basis for suspecting a particular individual, they may generally ask questions of that individual [without triggering a Fourth Amendment seizure] . . . as long as the police do not convey a message that compliance with their requests is required." Florida v. Bostick, 501 U.S. 429, 434-35 (1991) (citations omitted).

Based upon testimony presented at the suppression hearing, the district court made the following findings. Rogers was parked in a car on the side of a road talking to another motorist who had stopped next to Rogers' car and was impeding the flow of traffic. After a marked police car had stopped behind the car in the road, that car moved out of the way. As the officer walked up to Rogers,* he observed him seated in the driver's seat of the vehicle looking nervously toward his right and then back at the officer several times. As the officer neared, Rogers hurriedly exited the vehicle and locked the door. The officer thought this was suspicious as the windows remained open so he approached the passenger side of the vehicle and noticed in plain view a tied bag with white chunks in it which he thought was crack

_____

*The transcript of the hearing reveals that the officer, who recognized Rogers, said, "How are you doing, Brian?" To which Rogers replied, "Okay." (J.A. at 35).

2

cocaine. Thereafter, Rogers was handcuffed and arrested. Although Rogers testified that he was handcuffed prior to the crack being found, we do not find the district court clearly erred in crediting the officer's testimony over Rogers and thus finding that he was not seized, for purposes of the Fourth Amendment, prior to the crack cocaine being discovered in the vehicle. See Gray, 883 F.2d at 322. Indeed, Rogers clearly believed he was free to leave, because he exited his vehicle as the officer approached. See Hodari D., 499 U.S. at 628. Accordingly, we affirm.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3